JUSTICE NELSON,
specially concurring.
¶23 I concur in the Court’s decision to dismiss this case. If Strong had requested that the case be dismissed with prejudice, I would have agreed with him. Curiously, however, his briefs on appeal request dismissal without prejudice. Accordingly, because of that request, I am constrained to agree with the Court.
¶24 Typically, in cases such as this, I would argue that dismissal with prejudice is the appropriate remedy; I would not remand for a new trial. As in State v. Gatlin, 2009 MT 348, 353 Mont. 163, 219 P.3d 874, here the real reason that Strong was not accorded his statutory right to a timely initial appearance was that he simply fell through the cracks due to prosecutorial neglect after he was arrested. The State concedes as *121 much. See Opinion, ¶ 10. As a result, like Gatlin, Strong was denied counsel; he was denied appearing before a judge to be advised of his rights; and he was denied due process of law and fundamental fairness. Gatlin, ¶¶ 40, 43 (Nelson and Cotter, JJ., concurring in part and dissenting in part).
¶25 In these sorts of cases, dismissal without prejudice serves to protect neither the defendant’s statutory rights nor his constitutional rights. Indeed, having already once been deprived of those, the State gets to start all over with a clean slate. As a consequence, in this case, for example, Strong likely will be subjected to a second trial and again be put in jeopardy of conviction. The violation of his rights by the State is, really, a nonevent-one that occurred but goes unpunished because the government is effectively exonerated from its wrongful conduct. No harm; no foul. Heads, the State wins; tails, Strong loses.
¶26 To provide an “incentive” for officials to “follow [the] requirements” of § 46-7-101(1), MCA, Opinion, ¶ 13, and to put some actual teeth in the sanction of dismissal, dismissal should be with prejudice. If we dismissed with prejudice, I strongly suspect that we would see fewer of these sorts of cases. When public officials have to explain to a grieving family that the victim’s abuser will not be brought to justice because they-the officials-“blew it,” rest assured that there will be a real-life “incentive” to get it right the first time.
¶27 I specially concur.